UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FIBERMARK, INC.,

                              Plaintiff,

        v.                                        7:02-cv-0517

BROWNVILLE SPECIALTY PAPER
PRODUCTS, INC.,

                              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

        Plaintiff Fibermark, Inc. ("Fibermark") moves pursuant to Fed. R. Civ. P. 54(b) for

entry of final judgment on the federal trade dress infringement, common law unfair

competition, and New York General Business Law § 349 claims.  The remaining cause of

action for anti-dilution is awaiting retrial.  As the Second Circuit recently noted, "[r]espect for

the historic federal policy against piecemeal appeals requires that a Rule 54(b) certification

not be granted routinely.  The power should be used only in the infrequent harsh case where

there exists some danger of hardship or injustice through delay which would be alleviated by

immediate appeal."  Grand River Enterprises Six Nations, Ltd. v. Pryor, 425 F.3d 158, 165

(2d Cir. 2005).

        Assuming Plaintiff can satisfy the first and second elements of Rule 54(b), the

Court finds that it has failed to satisfy the third element - that there is no just reason for delay.

The Court anticipates that there will be little delay in the adjudication of the final remaining

claim.  In fact, under the schedule set forth below, a decision on the anti-dilution claim likely

will be rendered within forty-five days of today's date, if not sooner.  The parties will then be

able to present all claims to the Second Circuit for review and can avoid piecemeal review.

Furthermore, as will be discussed, the Court anticipates expeditiously resolving the remaining

anti-dilution claim in an efficient and cost-effective manner, thereby avoiding any possible

hardship or injustice that may result from any further delay in the entry of judgment.

        The remaining issue concerns the manner of the retrial of the anti-dilution claim.

Defendant argues that Plaintiff is not entitled to a jury trial on the anti-dilution claim because

only injunctive relief is available.  Defendant further contends that the parties can avoid a

costly retrial because, in deciding the claim, the Court can rely on the trial transcript and its

recollection of the events that occurred at trial.

        Plaintiff appears to concede that it is not entitled to a jury trial on the anti-dilution

claim.  The Court agrees that it is not entitled to a jury trial because only injunctive relief is

available.  Empresa Cubana Del Tabaco v. Culbro Corp., 123 F. Supp.2d 203, 210 (S.D.N.Y.

2000); see also S.E.C. v. Tome, 833 F.2d 1086, 1096 n.7 (2d Cir. 1987).  Plaintiff continues

to argue that it should have the right to present anew its evidence on the issues of

distinctiveness (or secondary meaning), tarnishment and/or blurring.  Plaintiff fails to point to

any new evidence that it would submit in support of the anti-dilution claim.  Rather, Plaintiff

states that it would offer the same witnesses, but, perhaps, with testimony more narrowly

attuned to the anti-dilution claim.

        Because the Court has a recollection of the witnesses at trial, the Court has the

benefit of the full trial transcript, and the parties have failed to identify any new, non-

cumulative evidence that would be presented at a new trial, the Court will review the trial

transcript and exhibits admitted into evidence and render a decision on the anti-dilution claim without the need for taking new testimony.

For the foregoing reasons, it is hereby ORDERED that:

(1) Plaintiff's motion pursuant to Fed. R. Civ. P. 54(b) is DENIED;

(2) The Court will determine the anti-dilution claim without taking any additional testimony;

(3) The parties shall submit proposed findings of fact and conclusions of law **supported by citations to the official trial transcript** on or before January 22, 2006; and

(4) On or before January 22, 2006, the parties shall submit to the Court any exhibits that were admitted into evidence that the parties believe are relevant to the anti-dilution claim and that they would like to be considered by the Court.  Such exhibits shall be sent to the attention of the Clerk's Office, United States District Court for the Northern District of New York, 15 Henry St., Binghamton, NY, 13901.

IT IS SO ORDERED.

Dated:January 4,2006

Thomas J. McAvoy
Senior, U.S. District Judge